# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID C. BLOOD AND VIRGINIA L. BLOOD, | ) ) |
| Plaintiffs, | ) Civil Action No. 3:13-cv-01319 ) |
| v. | ) Judge Sharp ) |
| | ) Magistrate Judge Griffin |
| WELLS FARGO BANK, N.A., | ) ) |
| Defendant. | ) |

## INITIAL CASE MANAGEMENT ORDER # 1

The parties, pursuant to Local Rule 16.01, submit the following Proposed Initial Case Management Order:

**I.  JURISDICTION:**  The Court has subject matter jurisdiction in this action pursuant to 42 U.S.C. § 1332 (diversity of citizenship). Personal jurisdiction is not contested.

**II.  SERVICE OF PROCESS / STATUS OF RESPONSIVE PLEADINGS:**

Wells Fargo Bank, N.A. ("Wells Fargo") has been served with process. Wells Fargo filed a Motion to Dismiss (Docket Entry No. 8), which has not yet been ruled upon by the Court.

**III.  BRIEF THEORIES OF THE PARTIES:**

**A. Plaintiffs' Theory:**

Plaintiff alleges numerous causes of action that arise out of Defendant's actions relating to the Plaintiff's home loan modification process that started in March of 2010. During the home loan modification procedures, Plaintiffs duly complied with the requests of Defendant Wells for modification of their mortgage, sent in the required documentation and executed a Temporary

Forbearance Agreement with the understanding that they were entitled to a loan modification or reduction. When Defendant Wells did not honor the terms of the Temporary Forbearance Agreement wherein Plaintiffs were to receive a home loan modification upon successful completion of all payments and paperwork required, Defendant Wells breached the terms of the contract between Plaintiffs and Defendants.

Plaintiffs relied to their detriment on the assertions of Defendant Wells' representative Ms. Braun to fall behind on their mortgage payments in order to receive their final loan modification. In detrimental reliance upon those repeated representations and recommendations by Ms. Braun, Plaintiffs proceeded to take that advice and allowed themselves to fall three months behind on their mortgage payments. When representative Braun asked Plaintiffs in a phone conversation if they could pay $806.00 a month for the loan, Plaintiffs agreed. Representative Braun then asked Plaintiffs if they could use a three month moratorium from house payments to catch up on bills and "have a better Christmas". The Plaintiffs agreed. Representative Braun indicated she was going to send a FedEx package to memorialize this understanding within the next few days and Plaintiffs were to sign and send back same. Plaintiffs relied on this representation and did not make the December monthly payment.

Defendant Wells falsely indicated that Plaintiffs had failed to adhere to the agreed-upon terms of the Temporary Forbearance Agreement but to the contrary, Plaintiffs had fulfilled all terms of that plan. Notwithstanding, foreclosure proceedings began at that that point from the law firm of Schipiro & Kirsch of Memphis Tennessee. Plaintiffs were damaged by their detrimental reliance upon Defendant Wells fraudulent statements during the home loan modification process and should be granted relief on this basis.

## B. Defendant's Theory:

Wells Fargo's initial review of information available to Wells Fargo indicates that the allegations in the Complaint are directly at odds with the records of Plaintiffs' loan/account. Plaintiffs have alleged numerous causes of action, including breach of contract, negligence, negligent misrepresentation, intentional misrepresentation, promissory fraud, promissory estoppel, wrongful foreclosure, slander of title, and violations of the Tennessee Consumer Protection Act and the Fair Debt Collections Practices Act. Each of these claims arises out of Plaintiffs' allegation that Wells Fargo and its agents allegedly sent Plaintiffs a written offer to modify their mortgage and otherwise made oral representations to Plaintiffs that Wells Fargo would modify their mortgage. Plaintiffs did not, however, attach the purported written offer or any other documents to their Complaint. Plaintiffs further allege that Wells Fargo did, in fact, modify their mortgage, and that Wells Fargo never foreclosed on their property, 1400 Brannom Drive, Madison, Tennessee (the "Premises").

As stated more clearly in Wells Fargo's Memorandum of Law in Support of Motion to Dismiss and its Reply in Support of Motion to Dismiss, Wells Fargo asserts that Plaintiffs have failed to state a valid claim for any cause of action alleged in the Complaint. Plaintiffs allege only that they were delinquent on their mortgage, that Wells Fargo sent them a letter indicating that they might qualify for a mortgage modification, and that Wells Fargo, after assessing their file, decided not to offer the modification. Plaintiffs base their entire Complaint on the notion that Wells Fargo allegedly had an obligation to offer them a mortgage modification. However, Tennessee law is clear that a mortgagor is under no obligation or duty to offer a modification to a borrower. *See Pugh v. Bank of Am.*, No. 13-2020, 2013 WL 3349649, at *14 (W.D. Tenn. July 2, 2013) ("The gravamen of Plaintiffs' claim is that Defendants did not offer loan modifications

N HEH 1279760 v1
2780973-002109 02/28/2014

to which Plaintiffs were entitled. . . . Defendants were under no duty to offer a loan modification or to assist Plaintiffs in preventing foreclosure."). The relationship between Wells Fargo and Plaintiffs is governed exclusively by the Note, the Deed of Trust, as these are the only valid agreements between the parties. Any purported duty owed by Wells Fargo to Plaintiffs must arise out of the Note or the Deed of Trust. Plaintiffs have not alleged that Wells Fargo breached any term of the Note or Deed of Trust, nor have they alleged any facts to support the assertion Wells Fargo owed them any duty to modify their mortgage or otherwise delay a foreclosure.

Wells Fargo is still reviewing the issues alleged in the Complaint, but it anticipates that any causes of action remaining after the Court rules on the Motion to Dismiss, if any remain, can be resolved prior to trial through a motion for summary judgment.

IV. **ISSUES IN DISPUTE:** All issues except jurisdiction and venue are presently in dispute.

V. **INITIAL DISCLOSURES:** Rule 26(a)(1) initial disclosures shall be exchanged on or before March 7, 2014.

VI. **DISCOVERY:** The parties shall complete all written discovery (all discovery responses to be in hand by deadline) and depose all fact witnesses on or before June 13, 2014. Both parties shall serve all written discovery on or before May 9, 2014. The parties agree that no more than 30 interrogatories, including sub-parts, shall be propounded absent leave of the Court. Discovery is not stayed during dispositive motions, unless ordered by the Court.

Any discovery-related motions must be filed on or before June 13, 2014. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences. If the parties are unable to resolve their differences, they may either participate in a conference telephone call with Magistrate Judge Griffin or file a motion

with the Court; however, the parties are not required to do both.

VII. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before March 7, 2014.

VIII. DISCLOSURE OF EXPERTS: On or before June 25, 2014, Plaintiffs shall declare the identities of their expert witnesses and provide all of the information required under the Local Rules and the Federal Rules of Civil Procedure. On or before August 8, 2014, Wells Fargo shall declare the identities of its expert witnesses and provide all of the information required under the Local Rules and the Federal Rules of Civil Procedure.

IX. DEPOSITION OF EXPERT WITNESSES: All expert depositions shall be completed by September 19, 2014.

X. JOINT MEDIATION REPORT:

The parties shall submit a joint mediation report on or before September 26, 2014.

XI. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before October 24, 2014. Responses to dispositive motions shall be filed within twenty-one (21) days after service/filing. Optional replies shall be filed within (21) days after service/filing of the response. Briefs shall not exceed 20 pages. Motions for Partial Summary Judgment, being an efficient method to narrow the scope of issues for trial, shall be allowed without the leave of the Court.

XII. ELECTRONIC DISCOVERY: The parties do not anticipate electronic discovery creating an issue in this case and will reach an agreement as to how to conduct

electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

XIII. **ESTIMATED TRIAL TIME:** The parties estimate that this jury trial will take approximately two (2) days. This matter shall be scheduled for a jury trial to begin on May 12, 2015. The pre-trial conference shall be set for April 20, 2015, at 2:30 p.m.

It is so **ORDERED**

_____
JULIET GRIFFIN
United States Magistrate Judge

APPROVED FOR ENTRY:

/s/ *Christina Chamberlain*
Christina Chamberlain
Chamberlain Legal Services, PLLC
P.O. Box 1102
White House, Tennessee 37188
christina@chamberlainlegalservices.com
*Attorney for Plaintiff*

/s/ *Jonathan Cole*
Jonathan Cole (BPR No. 016632)
Henry E. Hildebrand, IV (BPR No. 031019)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
(615) 726-5706
(615) 744-5706 (facsimile)
jcole@bakerdonelson.com
nhildebrand@bakerdonelson.com
*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*

N HEH 1279760 v1
2780973-002109 02/28/2014